### ACTION FOR MONEY LOST IN GAMBLING.

Circuit Court of Cuyahoga County.

HARRY BERNSTEIN ET AL V. ANNIE GROUPP.

Decided, February 11, 1907.

*Gambling—Parties—Landlord of Premises Used for Gambling a Proper Party Defendant in Action for Money Lost—When Landlord Liable for Money Lost at Gambling.*

1. In an action for money lost at gambling the landlord who owned the building is a proper party defendant with his tenants who operated the place where the gambling was carried on.

2. Admissions of landlord that he had seen men playing for lunches and drinks in the premises, and that he had not thereafter either served notice upon the tenants to vacate or sued them, is sufficient to sustain a judgment against him for money lost at gambling.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The defendant in error was plaintiff below, where she recovered a verdict and judgment against Harry Bernstein, Louis Bernstein and Maurice Christol in an action under Sections 4271 and 4276, Revised Statutes, for money lost by her husband in gambling on premises occupied by the two defendants last named as lessees of the first named defendant.

The first error assigned is the alleged misjoinder of the lessor with the lessee as parties defendant. Section 4371 provides that

the plaintiff in actions brought thereunder, "may sue for and recover, from the person receiving such money, thing of value, or obligation, the amount thereof, together with exemplary damages   *   *   *   and may join as defendants in such suit all persons having any interest, direct or indirectly contingent, to such lottery, policy or scheme of chance or the possible profits thereof, as backers, venders, owners or otherwise."

Section 4276 provides that "if any person leases premises for gambling or lottery purposes or knowingly permits them to be used and occupied for such purposes, and fail immediately to prosecute, in good faith, an action or proceeding for the recovery of the premises, such lessor shall be considered in all cases civil and criminal as a principal in carrying on the business of gaming, or a lottery in such building."

It is urged that the libility as a constructive principle under the latter section is not to be identified with the liability of actual participants, who are suable jointly by virtue of the former section, and that the authorized joinder of defendants is limited to those specified in Section 4271.  We hold, however, that the statute making a landlord, with notice, a principal, puts him in the same category with actual participants so that all may be sued jointly.

The second error assigned is that the weight of the evidence negatives the connection of any of the defendants with the gaming whereby Groupp lost his money, or with any gambling for money on the premises.  There is some evidence in this behalf—much more than a scintilla—to sustain the claims of the plaintiff as against Louis Bernstein and Maurice Christol, and in view of this evidence, somewhat contradictory and doubtful though it be, we are unable to say that the jury's verdict against these two defendants was unwarranted.  As to Harry Bernstein, the lessor, the case might well be otherwise, were it not for one fatal admission in his own testimony, at page 92 of the bill of exceptions, where he says:

"I have seen them play cards in some of these rooms; they played for drinks, lunches, etc.  That's as far as I know."

He further says that he never served any notice upon his tenants to get out and never sued them.

That playing "for drinks, lunches," etc., is "gaming," within the meaning of Section 4278, can not be doubted.

After knowledge of the use or occupancy of his premises for gaming purposes his failure to avoid the lease and recover the premises rendered him liable as a principal for subsequent gambling losses on said premises.

We find no error in the record and the judgment below is affirmed.